UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eric Flores,                          )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    Civil Action No. **11 2272**
                                      )
United States Department of Health and )
Human Services *et al.*,              )
                                      )
                                      )
        Defendants.                   )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*. The application will be granted and the complaint will

be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring

dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of El Paso, Texas, has submitted a "Federal Tort Complaint Against

Torture" against the Department of Health and Human Services, the United States Attorney

General, and Sierra Medical Center in El Paso, Texas. The Court has previously transferred

plaintiff's similarly styled actions to the appropriate federal district court in Texas. *See Flores v.*

*United States Attorney General*, Civ. No. 11-0634 (UNA) (D.D.C. Mar. 29, 2011) (transferring

case to the Western District of Texas); *Flores v. United States Attorney General*, Civ. No. 11-

0396 (UNA) (D.D.C. Feb. 17, 2011) (same).

Because plaintiff has not indicated in the instant complaint that he has exhausted his

administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, the

Court will dismiss this action for lack of subject matter jurisdiction. *See Abdurrahman v.*

*Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly

dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.");

*GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987) (finding FTCA exhaustion

requirement jurisdictional).[1]  A separate Order accompanies this Memorandum Opinion.

United States District Judge

DATE: December _____, 2011

---

[1]    After exhausting his administrative remedies, plaintiff should know from the previous transfer orders that the United States District Court for the Western District of Texas – not this Court – is the proper venue for litigating his FTCA claim. *See* 28 U.S.C. § 1402(b) (establishing FTCA venue as "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").